UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DENNIS DELAURA, MICHAEL C. DELAURA,

    Plaintiffs,

vs.                              Case No. 2:08-cv-965-FtM-29DNF

LENNAR HOMES, INC., now known as
LENNAR HOMES, LLC,

    Defendant.
_____

**OPINION AND ORDER**

    This matter comes before the Court on Defendant's Amended Motion and Memorandum to Dismiss Complaint (Doc. #14), filed on March 24, 2009. Plaintiffs filed a Response on April 3, 2009 (Doc. #17). Defendant seeks to dismiss the two-count Complaint (Doc. #1) for failure to state a claim upon which relief may be granted.

**I.**

    In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir.

2008)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The former rule -- that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) -- has been retired by Twombly. James River Ins. Co., 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Dismissal is also warranted under FED. R. CIV. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

**II.**

The relevant facts as set forth in the Complaint are as follows: In February 2006, Dennis and Michael C. DeLaura (plaintiffs or the "DeLauras") entered into a written Purchase and Sale Agreement (the "Agreement") (Doc. #14-2) with Lennar Homes, LLC (defendant or "Lennar Homes") for the purchase of a condominium described as Unit 202, Building 46, at Heritage Bay Coach Homes. Pursuant to the Agreement, the DeLauras paid Lennar Homes $55,799.50 in deposits to be held in an escrow account. Lennar Homes did not provide the DeLauras with a property report or

register the condominium project with the Secretary of the Department of Housing and Urban Development (HUD) pursuant to the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701 *et seq*. ("ILSFDA").

Within two years of signing the Agreement, the DeLauras provided notice to Lennar Homes revoking the Agreement and seeking the return of their deposits. The DeLauras asserted that revocation was permissible and the return of the deposits was required because Lennar Homes had not complied with the ILSFDA or the requirements of Chapter 718, Florida Statutes (the "Condominium Act"). Lennar Homes has not acknowledged the revocation or returned the deposits.

## III.

Count I of the Complaint alleges that the Agreement was subject to the provisions of ILSFDA, that Lennar Homes violated ILSFDA by failing to furnish a property report to plaintiffs and failing to register the property with HUD, that these violations of ILSFDA entitled plaintiffs to rescind the Agreement, and that plaintiffs are entitled to rescission, damages, return of their deposit, and attorney fees. Defendant moves to dismiss Count I, arguing that the Agreement is exempt from the requirements of ILSFDA because the Agreement obligated Lennar Homes to complete the condominium within two years, thus falling with the exemption in 15

-3-

U.S.C. §1702(a)(2). Plaintiffs reply that the Agreement does not "obligate" defendant to construct the condominium within two years.

ILSFDA is an anti-fraud statute that uses disclosure as its primary tool to protect purchasers from unscrupulous sales of undeveloped home sites. Winter v. Hollingsworth Props., Inc., 777 F.2d 1444, 1446-47 (11th Cir. 1985). Section 1703(a) makes it unlawful to sell "any lot not exempt under section 1702" unless the seller complies with the provisions of the ILSFDA, including disclosure of a property report prior to the purchaser signing a contract. Selling a condominium unit falls within the definition of selling a "lot" within the meaning of the ILSFDA. Id. at 1449. The sale of a condominium will be exempt from the ILSFDA, however, if the sale is "under a contract obligating the seller . . . to erect [a condominium] thereon within a period of two years." Section 1702(a)(2).

**A.**

Plaintiffs argue that defendant is not obligated to construct the condominium within two years because the Agreement is illusory due to time exclusions. Section 7 of the Agreement entitled "Completion Date", provides as follows:

> Seller is required to complete and does agree that the construction of the Home will be completed within a period of two (2) years from the Purchaser's execution of this Agreement. If construction is delayed by events consisting of acts of God, impossibility of performance or frustration of purpose, the date of completion shall be extended by the delay period. It is the express intent of the parties that the parties' rights and obligations under this Agreement be construed in the

> manner necessary to exempt this Agreement and the sale of the Home from registration under the Interstate Land Sales Full Disclosure Act, and both Purchaser and Seller hereby expressly waive any right or provision of this Agreement that would otherwise preclude any exemption.

(Doc. #14-2, p. 4.) Defendant asserts that the permissible delays listed in this provision (acts of God, impossibility of performance, or frustration of purpose), do not render the obligation to complete construction within two years illusory because they are narrowly tailored and recognized legal defenses under Florida law.

The Court agrees with defendant. In Stein v. Paradigm Mirsol, LLC, 551 F. Supp. 2d 1323, 1328 (M.D. Fla. 2008)(citing Atteberry v. Maumelle Co., 60 F.3d 415, 420 (8th Cir. 1995)), this Court explained that a contract need not be an unconditional guarantee which imposes strict liability for noncompliance. Instead, a contract "obligates" completion of construction within two years "when that commitment to do so is real and not illusory." Id. Acts of God, impossibility of performance, and frustration of purpose are well-recognized defenses under Florida law. See Mailloux v. Briella Townhomes, LLC, 3 So.3d 394, 396 (Fla. 4th DCA 2009)(finding the completion obligation was not illusory where contract provision allowed delays for acts of God, impossibility of performance, or frustration of purpose); Harvey v. Lake Buena Vista Resort LLC, 306 Fed. Appx. 471 (11th Cir. 2009); Kamal v. Kenco/The Oaks at Boca Raton LP, No. 08-13692, 2008 WL 4601715 (11th Cir. Oct. 16, 2008). The Court finds the excludable delays allowed in

the Agreement are sufficiently tailored so as not to render the completion obligation illusory. Compare Plaza Court, L.P. v. Baker-Chaput, ___ So. 3d ___, 2009 WL 1809921, 34 Fla. L. Weekly D1305 (Fla. 5th DCA June 26, 2009).

**B.**

Plaintiffs also argue that defendant is not exempt from the ILSFDA because Lennar Homes failed to provide for the right of specific performance in the Agreement. Section 14.2.1.5, which relates to remedies available under the Agreement provides as follows:

> In the event that Seller is unable to cure any default during the Cure Period . . . Purchaser shall have the right to terminate this Agreement and receive a full refund of the Deposit and a full refund of deposits or payments for options, extras and/or upgrades, and, in addition, Purchaser shall receive from seller the greater of (A) Purchaser's damages incurred as a result of or in connection with such failure or default by Seller, or (B)liquidated damages in an amount equal to the lesser of (i) the Deposit then posted hereunder, or (ii) ten percent (10%) of the Total Purchase Price, as Purchaser's sole remedies available hereunder.

(Doc. #14-2, p. 7.) Plaintiffs argue that this provision eliminates their right to specific performance and therefore renders the obligation to complete illusory. Samara Dev. Corp. v. Marlow, 556 So. 2d 1097, 1101 (Fla. 1990).

The Court agrees with plaintiffs. Under Florida law and applicable HUD Guidelines[1], negating a buyer's right to specific

---

[1]In 1979, the Secretary published an interpretive rule regarding ILSFDA entitled "Guidelines for Exemptions Available (continued...)

performance renders the obligation to complete construction in two years illusory. Salazar v. Santa Barbara Townhomes of Homestead, Inc., 309 Fed. Appx. 381 (11th Cir. 2009); Tonfi v. Prime Homes at Villa, Portofino E., LTD, No. 07-22952, 2008 U.S. Dist. LEXIS 49110 at *10 (S.D. Fla. June 4, 2008); Stein, 551 F. Supp. 2d at 1330; HUD GUIDELINES ("contracts that directly or indirectly waive the buyer's right to specific performance are treated as lacking a realistic obligation to construct.") The guidelines further state:

> "HUD's position is not that a right to specific performance of construction must be expressed in the contract, but that any such right that purchasers have must not be negated. For example, a contract that provides for a refund or a damage action as the buyer's sole remedy would not be acceptable."

Id. Here, the Agreement provides for a refund or damages as "[p]urchaser's sole remedies available hereunder." (Doc. #14-2, p. 7.) Because the Agreement specifically negates plaintiffs' right to specific performance, the Agreement is not exempt and defendant's motion to dismiss Count I will be denied. As a result,

---

[1](...continued)
Under the Interstate Land Sales Full Disclosure Act," 44 FED. REG. 24010 (1979). That rule was superceded in 1984, 49 FED. REG. 31375 (1984), and eventually rescinded on March 27, 1996, as part of a streamlining process. 61 FED. REG. 13596 (1996). The information was moved to the HUD website, where it is now available as "Supplemental Information to Part 1710: Guidelines for Exemptions Available Under the Interstate Land Sales Full Disclosure Act." www.hud.gov/offices/hsg/sfh/ils/ilsexemp.cfm. The Guidelines state that they are intended to clarify HUD polices and positions with regard to the statutory exemptions, and that they are an interpretive rule and not a substantive regulation. 61 FED. REG. 13596, 13601 (1996). As an interpretive agency rule, the Guidelines are entitled to some deference. Reno v. Koray, 515 U.S. 50, 59 (1995).

the Court need not address plaintiff's argument that the sole purpose of the completion provision was to evade ILSFDA.

**IV.**

Count II of the Complaint alleges that defendant did not provide all the documentation required by the Florida Condominium Act, thereby entitling plaintiffs to void the Agreement and demand full refund of deposits. Defendant argues Count II should be dismissed because Lennar Homes <u>did</u> provide all the required documentation, as demonstrated by the provision in the Agreement acknowledging receipt of the required documents.

A person is bound by a contract he or she signs, and is deemed to have read the contract. <u>Franze v. Equitable Assurance</u>, 296 F.3d 1250, 1254-55 (11th Cir. 2002). The Agreement signed by plaintiffs in this case states that plaintiffs received all required condominium documents. While the Complaint states they did not (Doc. #1, ¶ 17), plaintiffs are bound by the contracts they sign. <u>Chalfonte Dev. Corp. v. Rosewin Coats, Inc.</u>[2], 374 So. 2d 618 (Fla. 4th DCA 1979). <u>Chalfonte</u> relied upon <u>Allied Van Lines, Inc. v. Bratton</u>, 351 So. 2d 344, 347-48 (Fla. 1977), where the Florida Supreme Court stated: "It has long been held in Florida that one is bound by his contract. Unless one can show facts and circumstances to demonstrate that he was prevented from reading the contract, or

---

[2] At issue in <u>Chalfonte</u> was the disclosure of required documents under Section 711.24, Florida Statutes, the predecessor to the current Condominium Act.

that he was induced by statements of the other party to refrain from reading the contract, it is binding. No party to a written contract in this state can defend against its enforcement on the sole ground that he signed it without reading it."

In their Response, plaintiffs assert they should be given an opportunity to testify concerning the circumstances under which the signed the Agreement and its acknowledgment of receipt of the documents. Plaintiffs do not suggest in their Response, and have not pled in the Complaint, any basis upon which it is plausible that they will not be bound by their acknowledgment of receipt of the documents. Without such an allegation, Count II cannot be allowed to proceed under the federal pleadings standards summarized above.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant's Amended Motion and Memorandum to Dismiss Complaint (Doc. #14) is **GRANTED IN PART AND DENIED IN PART**. The motion is granted as to Count II, which is dismissed without prejudice.

**DONE AND ORDERED** at Fort Myers, Florida, this   22nd   day of July, 2009.

_____
JOHN E. STEELE
United States District Judge


Copies:
Counsel of record